OLUS M. BOURGEOIS *v.* LEMUEL H. FAIRCHILD.

MUNICIPALITIES. *Elections. Returns. Certification by mayor. Ministerial duties. Mandamus.*

Where the charter of a municipality provides that the mayor and aldermen shall appoint election commissioners to perform all the duties in respect to municipal elections prescribed by law to be performed by county election commissioners, where applicable, and, after the close of the polls, to ascertain the results in the presence of the mayor and at least one alderman who, with the commissioners, shall certify the returns, the duty of the mayor to certify the returns is ministerial, and he may be compelled to do so by mandamus.

FROM the circuit court of Hancock county.

HON. JAMES H. NEVILLE, Judge.

Bourgeois, appellant, was plaintiff, and Fairchild, appellee,

defendant in the court below; from a judgment dismissing the suit, the plaintiff appealed to the supreme court.

An election was held in the town of Waveland for mayor and aldermen. Appellee, Fairchild, was the mayor, and appellant, Bourgeois, and one Fell were candidates for mayor at the election. During the progress of the election, eleven ballots, some voted for Bourgeois and some for Fell, were thrown out by the election commissioners, and not counted. The election of Bourgeois was the result of the count after these votes were thrown out. Fairchild, the mayor, refused to certify the results, claiming that the returns presented by the commissioners were false. The suit was for a writ of mandamus, to compel Fairchild to sign the returns. On the trial, the court below held that the mayor could not be compelled to sign a false return, and gave a peremptory instruction for defendant.

*W. J. Gex* and *Harper & Harper*, for appellant.

The returns of the commissioners were their award, and it was then only left to the mayor and the one alderman to sign same that it might operate as a certificate of election and commission to those who appeared elected from the return sheet. It was clearly the duty of the respondent to sign the return sheet. 10 Am. & Eng. Ency. Law (2d ed.), 765; 19 *Ib.*, 772.

The position taken by adverse counsel, that respondent had a discretion in the matter of signing the returns, is untenable, in the face of the following well-considered authority, which is directly to the point, and to which authority we would especially call the court's attention: *Green* v. *Adam*, 24 So., Rep., 41 (119 Ala., 472).

It would be against public policy to permit a mayor to perpetuate himself in office (he holding over until his successor is elected), as defendant is attempting to do, by withholding his signature from correct returns, which is the only certificate of election provided for by the charter of the town.

*Ford & White*, for appellee.

This being simply a proceeding by mandamus to compel the mayor, whose duty it was to certify to the correctness of the election returns, to sign and certify to returns which were false, the court below properly gave peremptory instruction for defendant.

CALHOON, J., delivered the opinion of the court.

The single question for decision is whether *mandamus* is the proper remedy to compel the mayor to certify the returns of the election commissioners of the town of Waveland. This question arises on the construction of a clause in an amendment made in March, 1894, to the charter of that town as it appears recorded in the office of the secretary of state. That clause is as follows : " The board of mayor and aldermen shall appoint three election commissioners, one of whom shall be designated to have printed and distributed the official ballots, and who shall perform all the duties in respect to town elections prescribed by the law to be performed by the county election commissioners, when not otherwise provided. They shall in case there is but one election precinct in the town act as election managers themselves. They shall take an oath before any officer competent to administer same, to faithfully discharge their duties, and shall open the polls at 9 o'clock a. m. and close them at 7 o'clock p. m. and proceed to ascertain the results of the election in the presence of the mayor and at least one alderman, who shall certify with the election officers to the returns." We think, under the above section of the charter, that *mandamus* is the proper remedy, both on reason and on the authorities cited in the brief for appellant. The election commissioners, and they only, can ascertain the results of the election. It is true that this ascertaining must be in the presence of the mayor and at least one alderman, but they perform no function whatever except to certify the returns of the commissioners of election. This duty is purely ministerial, and its

performance may be compelled.  There is no judicial duty involved in their action.  They have no connection with the commissioners, and no veto upon their returns.  The whole purpose is to secure their certificate to the returns.

*Reversed and remanded.*